UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CANAL AIR, LLC,

        Plaintiff,

v.

WILLIAM B. MCCARDELL, and MCCARDELL PROPERTIES, INC.,

        Defendants.

Case No. 11-11081
Honorable Julian Abele Cook, Jr.

## ORDER

This is a case in which the Defendants, William B. McCardell ("McCardell") and McCardell Properties ("McCardell Properties"), have been accused by the Plaintiff, Canal Air, of defaulting on its obligations under a lease agreement. Currently pending before the Court is Canal Air's motion for summary judgment.

### I.

Canal Air is a Delaware corporation that provides leasing and financing for aircraft. William B. McCardell is the president of McCardell Properties - a Michigan based corporation.

On August 29, 2008, the corporate parties in this case reached an agreement wherein Canal Air agreed to (1) purchase an aircraft from McCardell Properties for $2,356,000, and (2) return the same aircraft as a leased vehicle. On the same date, McCardell signed and delivered a document in which he guaranteed the commitment of McCardell Properties to satisfy its obligations to Canal Air under their contract. As further evidence of its commitment to the terms of the lease agreement

(which was to begin on September 8, 2008 and run for three years thereafter until September 8, 2011), McCardell Properties (1) deposited $365,000 with Canal Air, and (2) committed itself to make monthly payments of $14,624.76 to Canal Air.[1] However, this lawsuit has arisen because,

---

[1]The Agreement provides that in the event of a default, the Lessor, at its discretion, can exercise one or more of the following remedies:

> (i) demand that Lessee immediately pay as liquidated damages, for loss of a bargain and not as a penalty, an amount equal to (x) the Stipulated Loss Value of the Aircraft, computed as the Basic Term Rent Date immediately prior to such demand plus (y) all Rent and other amounts due and payable for all periods up to and including the Basic Term Rent Date following such demand; . . .
>
> (iii) proceed by appropriate court action, either at law or in equity, to enforce the performance by Lessee of the applicable covenants of this Lease or to recover damages for breach hereof; . . .
>
> (vii) sell or otherwise dispose of the Aircraft at private or public sale, in bulk or in parcels, with or without notice, and without having the Aircraft present at the sale; . . .
>
> (x) collect from Lessee all costs, charges and expenses, including reasonable legal fees and disbursements, incurred by Lessor by reason of the occurrence of any Event of Default or the exercise of Lessor's remedies with respect thereto;. . .
>
> (c) Lessor shall have the right to any proceeds of sale, lease, or other disposition of the Aircraft, if any, and shall have the right to apply same in the following order of priorities: (i) to pay all of Lessor's costs, charges and expenses incurred in enforcing its rights under this Lease or in taking, removing, holding, repairing, selling, leasing, or otherwise disposing of the Aircraft; then, (ii) to the extent not previously paid by Lessee, to pay Lessor all sums due from Lessee under this Lease or any other agreement between Lessor (or any of its affiliates or parent entities), on the one hand, and Lessee or any Guarantor (or any of their affiliates or parent entities), on the other hand in any priority as Lessor determines; then (iii) to reimburse the Lessee any sums previously paid by Lessee representing Stipulated Loss Value as liquidated damages pursuant to Section 12(b)(i)(x) and applied by Lessor as such under the terms of the preceding sentence; and (iv) any surplus shall be retained by Lessor. Lessee shall immediately pay on demand any deficiency in (i) and (ii) of the immediately preceding sentence.
>
> (d) In addition to Lessor's remedies set forth above, any rent or other amount not paid when due shall bear interest, from the due date until paid, at a per annum rate equal to the lesser of twelve percent (12%) or the maximum rate not prohibited by applicable law (the "Per

according to Canal Air, McCardell Properties defaulted in its fiscal obligations on June 2, 2010.[2] At the same time, McCardell Properties voluntarily relinquished its possession of the leased aircraft to Canal Air. On December 8, 2010, Canal sold the aircraft for $1,565,000. Canal now seeks $874,279.30 in damages as the deficiency plus attorneys' fees and costs.

## II.

Canal moves the Court for the entry of a summary judgment, pursuant to Fed. R. Civ. P. 56(c). Under this provision, a motion for summary judgment should be granted if a party "show(s) that there is no genuine issue as to any material fact and that (it) is entitled to judgment as a matter of law." The burden is on the moving party to demonstrate the absence of a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). In assessing a summary judgment motion, the Court must examine all pleadings, depositions, answers to interrogatories, admissions, and affidavits in a light that is most favorable to the nonmoving party. Fed. R. Civ. P. 56(c); *Boyd v. Ford Motor Co.,* 948 F.2d 283, 285 (6th Cir. 1991). It is the responsibility of the court to determine "whether. . . there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor

---

Diem Interest Rate"). The application of such Per Diem Interest Rate shall not be interpreted or deemed to extent any cure period set forth herein, cure any default or otherwise limit Lessor's rights or remedies hereunder. Notwithstanding anything to the contrary contained in this Lease, in no event shall this Lease require the payment or permit the collection of amount in excess of the maximum permitted by applicable law.

[2]Canal Air states that twenty one payments were made by McCardell Properties. However, McCardell Properties, after receiving authority from the Court to amend its brief in opposition to the pending motion for summary judgment, asserts that it made twenty payments - not twenty one - to Canal Air..

of either party." *Anderson*, 477 U.S. at 250. A dispute is genuine only "if evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. Therefore, a summary judgement must be entered only if (1) the evidence clearly suggests that the contested matter is "so one-sided that [the proponent] must prevail as a matter of law," *id.* at 252, or (2) the opponent fails to present evidence which is "sufficient to establish the existence of an element essential to its case, and on which it will bear the burden of proof at trial." *Celotex Corp.,* 477 U.S. at 322. Importantly, the presentation of mere scintilla of supporting evidence is insufficient. *See Anderson*, 477 U.S. at 252.

To establish a genuine issue of a material fact, the non-moving party must go beyond a mere reference to its pleadings. *Celotex Corp.*, 477 U.S. at 324. The non-moving party must produce "evidence of evidentiary quality" to show that a material fact does indeed exist. *Bailey v. Floyd Count Bd. Of Educ.,* 106 F.3d 135, 145 (6th Cir. 1997). The proffered evidence must be such that it would be sufficient to require its submission to a jury to resolve the disputed fact. *U.S. v. Sixty Thousand Dollars in U.S. Currency*, 763 F. Supp 909, 913 (E.D. Mich. 1991). The raising of "some doubt as to the existence of a fact: is not enough. *Id.*. If the evidence put forth by the non-moving party is "merely colorable, or is not significantly probative," a summary judgment for the movant may be granted. *Anderson*, 477 U.S. at 249-250.

III.

Canal Air seeks the entry of a summary judgment against both Defendants for $874,279.30 including interest, plus attorneys' fees and costs. Canal Air asserts that since their claims are based on a breach of contract and a failed personal guaranty, it is entitled to a summary judgment because there are no disputes over any material issue in this civil action. The parties agree that pursuant to

...

the Agreement, the law of the State of New York is to be applied.

The Defendants maintain that the entry of a summary judgment is not appropriate because Canal Air (1) has not met its burden of proving that its disposal of the aircraft was commercially reasonable, (2) has failed to provide reasonable notice of the then-pending sale, and (3) cannot waive the rights of McCardell Properties to a commercially reasonable disposition of the aircraft and of its entitlement to a reasonable notice of the sale.

A.

The Defendants are correct in their assertion that Canal Air is obligated to prove that the disposal of the aircraft was commercially reasonable. When a secured party seeks to obtain a deficiency from the debtor, the secured party bears the burden of proving the commercial reasonableness of the sale. *See, e.g. Associates Commercial Corp. v. Liberty Truck Sales & Leasing, Inc.*, 286 A.D.2d 311, 312, (App. Div. 2d Dept. 2001). The applicable section of the Uniform Commercial Code of New York ("UCC") provides that "in an action arising from a transaction. . . in which the amount of a deficiency or surplus is in issue. . . if the secured party's compliance is placed in issue, the secured party has the burden of establishing that the collection, enforcement, disposition, or acceptance was conducted in accordance with this part." N.Y. U.C.C.§ 9-626.  After a default, the secured party may dispose of the collateral by public or private proceedings, but only if every aspect of that disposition is commercially reasonable. N.Y. U.C.C. §9-610.

An examination of the record reveals that Canal Air has failed to provide a sufficiency of evidence that the sale of the aircraft was commercially reasonable. Questions as to "whether a sale was commercially reasonable is, like other questions about 'reasonableness', a fact-intensive

inquiry; no magic set of procedures will immunize the sale from scrutiny." *Matter of Excello Press, Inc.,* 890 F.2d 896, 905 (7th Cir.1989) (applying N.Y. law). While the parties agree that on December 8, 2010, Canal Air sold the aircraft for $1,565,000 to B & W Resources, Inc., no additional evidence has been provided to the Court regarding the procedure or the reasonableness of that sale. Therefore, the Court concludes that a genuine issue of a material fact exists as to whether Canal Air conducted the sale of the aircraft in a commercially reasonably manner. Since such material issues of fact exist, the entry of a summary judgment is inappropriate.

B.

The law in New York requires that the creditor give notice to the debtor regarding the disposition of collateral in a private sale. This notice is required in order to ensure that the debtor has a sufficient amount of time in which to protect its interests. N.Y. U.C.C. § 9-611. The parties agree that Canal Air sent a letter to the Defendants on December 2, 2010 regarding its intention to sell the aircraft to B & W Resources for $1,565,000 on December 8, 2010. However, Canal Air has not established when the Defendants received this letter. Therefore, a genuine issue of a material fact exists as to whether Canal Air provided reasonable notice of the sale to the Defendants.

C.

In its pleadings, Canal Air asserts that Defendants waived their rights to a commercially reasonable disposition of the aircraft. The parties' agreement states that in the event of a default, Canal Air has the right to "sell or otherwise dispose of the [a]ircraft at private or public sale, in bulk or in parcels, with or without notice." (Agreement, ¶ 12(b)(vii)). However, New York law provides that the debtor's right to a commercially reasonable disposition and notice cannot be waived prior

to default. N.Y. U.C.C. § 9-602(g). Therefore, the Agreement cannot be read by either party as a valid waiver of the Defendants' statutory rights.

## IV.

Therefore, for the reasons stated above, Canal Air's motion for summary judgment is denied.

IT IS SO ORDERED.

Date: October 26, 2011                                  s/Julian Abele Cook, Jr.
                                                        JULIAN ABELE COOK, JR.
                                                        U.S. District Court Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on October 26, 2011.

                                                        s/ Kay Doaks
                                                        Case Manager